UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL NIETO,<br><br>   Plaintiff,<br><br>  v.<br><br>KATHLEEN ALLISON, et al.,<br><br>   Defendants. | Case No. 24-cv-02628-JST<br><br>**ORDER DENYING REQUEST FOR INJUNCTIVE RELIEF**<br><br>Re: ECF No. 21 |

  Plaintiff, an inmate currently housed at Valley State Prison ("VSP"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983 against certain Correctional Training Facility ("CTF") correctional officials, alleging that they used excessive force on him and refused to decontaminate him after pepper spray was used on him, in violation of the Eighth Amendment. *See generally* ECF Nos. 1, 6. This order addresses Plaintiff's request for a court order enjoining Valley State Prison officials from blocking his access to the court by interfering with or reading his legal mail and from requiring him to submit to strip searches in front of surveillance cameras every time he crosses work change for college, mental health treatment, R&R and education. ECF No. 21. The Court DENIES the request for injunctive relief for the following reasons.

  First, the injunctive relief request does not relate to the dispute being litigated. "[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). There is a sufficient nexus if the interim order "would grant 'relief of the same character as that which may be granted finally.'" *Id*. (citation omitted); *see, e.g., id.* at 636-38 (district court properly

denied plaintiff's request for injunction to prevent HIPAA violation, where plaintiff had not asserted HIPAA violation claim). The complaint alleges use of excessive force and deliberate indifference to his serious medical needs by CTF correctional officials. The request for injunctive relief alleges retaliation and interference with Plaintiff's access to the courts by VSP correctional officials. The issues raised in the motion for injunctive relief are different from the allegations in the operative complaint and therefore are not the proper basis for interim relief. *Pacific Radiation Oncology, LLC.*, 810 F.3d at 633 (plaintiff is not entitled to injunctive relief based on claims not pled in complaint because "court's equitable power lies only over the merits of the case or controversy before it.").

Second, Fed. R. Civ. P. 65(d) provides that an injunction is binding only on parties to the action, their officers, agents, servants, employees and attorneys and those "in active concert or participation" with them. Fed. R. Civ. P. 65(d). The defendants in this action are CTF correctional officials Magallon, Nagma, Singh, Flores, and Taylor; and CTF LVN Aguilar. Valley State Prison correctional officials are not parties to this action. There is no indication that VSP prison officials are acting in active concert or participation with Defendants. In this action, the Court does not have jurisdiction over Valley State Prison correctional officials. The Court therefore cannot order Valley State Prison correctional officials to take action or refrain from taking action.

For the foregoing reasons, the Court DENIES Plaintiff's request for a temporary restraining order or preliminary injunction.

This order terminates ECF No. 21.

**IT IS SO ORDERED.**

Dated: August 29, 2025

_____
JON S. TIGAR
United States District Judge